# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JEFFERY DANIEL MOORE             CIVIL ACTION

VERSUS                          NO. 12-0855

WARDEN HOWARD PRINCE         SECTION "N"(4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual and Procedural Background

The petitioner, Jeffery Daniel Moore ("Moore"), is a convicted prisoner incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2] On April 3, 2006, Moore was charged

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 6.

by bill of information in St. Tammany Parish with one count of possession of cocaine.[3] He entered a plea of not guilty to the charge at his arraignment held November 3, 2006.[4]

The record reflects that, on February 12, 2006, Officer Jason Bettis of the Slidell Police Department was on routine patrol on Cawthorn Drive when he observed a man, later identified as Moore, pass him in a vehicle with an expired 2004 inspection sticker.[5] Officer Bettis made a U-turn, got behind Moore's car, and turned on his blue lights to make a traffic stop. When Moore failed to stop, Officer Bettis sounded his siren a couple of times. Moore did not immediately pull over, so Officer Bettis called another unit for backup. Moore continued driving for more than a block until he reached his residence, at which time he did stop. Officer Bettis called in the license plate to dispatch and discovered that the plate did not match the description of Moore's vehicle.

Moore immediately exited his vehicle, and Officer Bettis directed him to the back of his vehicle. As he walked to the back toward Officer Bettis, Moore turned slightly away from Officer Bettis and placed his hands in his pockets. Officer Bettis ordered Moore to take his hands out of his pockets. Officer Bettis noticed that Moore was visibly shaking and extremely nervous. Officer Bettis patted-down Moore for weapons, but found none. Officer Bettis also determined that Moore did not have proof of insurance for his car. Shortly after that, Officer Corey Pertuit, arrived to assist.

While Officer Pertuit stood with Moore, Officer Bettis walked to the side of Moore's car and saw an opened beer bottle on the back passenger floorboard "that looked as if it had been spilled."

---

[3]St. Rec. Vol. 1 of 4, Bill of Information, 4/3/06.

[4]St. Rec. Vol. 1 of 4, Minute Entry, 11/3/06.

[5]The facts of the case were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Moore*, 966 So.2d 1248, 1248 (La. App. 1st Cir. 2007) (Table); *State v. Moore*, No. 2007-KA-1027, 2007 WL 3227610, at *1 (La. App. 1st Cir. 2007); St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2007-KA-1027, pp. 2-4, 11/2/07.

Officer Bettis also saw a package of rolling paper. Based on vehicle violations that, according to Officer Bettis, required impoundment of the car, he conducted an inventory search of the vehicle. He found a pack of cigarettes on the front passenger seat.

Inside of the pack, he found a mesh screen and a "push rod" with residue on them suspected to be crack cocaine. The screen, or wire mesh, was likely a piece of a steel wool pad, and the "push rod" was an straightened paper clip. According to Officer Bettis, these items are commonly used with crack pipes. The screen is placed into the crack pipe, and the crack cocaine is placed on the screen. The paper clip is used to push the crack down into the pipe in order to light it and smoke it.

Based on his discovery of suspected drugs and drug paraphernalia, Officer Bettis arrested Moore. Officer Pertuit again patted-down Moore pursuant to a search incident to arrest and found a rock of crack cocaine in his rear pants pocket.

Moore was tried before a six person jury on January 30, 2007, and was found guilty as charged.[6] The Trial Court sentenced him on February 2, 2007, to serve five years in prison at hard labor.[7] The State also filed a multiple bill charging Moore as a fourth or greater felony offender, to which Moore chose to stand silent.[8]

At a hearing held on February 23, 2007, the Trial Court adjudicated Moore to be a fourth felony offender.[9] The Court re-sentenced him as such to serve 20 years in prison at hard labor and

---

[6]St. Rec. Vol. 1 of 4, Trial Minutes (6 pages), 1/30/07; Verdict Form, 1/30/07; Trial Transcript, 1/30/07.

[7]St. Rec. Vol. 1 of 4, Sentencing Minutes, 2/2/07; Sentencing Transcript, 2/2/07.

[8]St. Rec. Vol. 1 of 4, Sentencing Minutes, 2/2/07; Sentencing Transcript, p. 4, 2/2/07; Multiple Bill, 1/3/07.

[9]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 2/23/07; Reasons for Judgment, 2/23/07; Multiple Bill Hearing Transcript, 2/23/07.

without benefit of parole, probation, or suspension of sentence. The Court also denied Moore's oral motion to reconsider the sentence.[10] The Court also later denied Moore's written motions for post-verdict judgment of acquittal, for new trial and to reconsider the sentence.[11]

On direct appeal to the Louisiana First Circuit Court of Appeal, Moore's appointed counsel argued that the Trial Court erred in denying the motion to suppress the evidence.[12] On November 2, 2007, the Louisiana First Circuit affirmed Moore's conviction, habitual offender adjudication, and sentence finding no merit to the claim raised.[13]

Moore's conviction became final 30 days later, on Monday, December 3, 2007,[14] because he did not file for rehearing or for review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)).

## II.    <u>State Post-Conviction Proceedings</u>

---

[10]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 2/23/07.

[11]St. Rec. Vol. 1 of 4, Motion for Post-Verdict Judgment of Acquittal, 3/1/07; Trial Court Order, 3/7/07; Motion for New Trial, 3/1/07; Trial Court Order (3), 3/7/07; Motion to Reconsider Sentence, 3/1/07; Trial Court Order (2), 3/7/07; Motion for Post-Verdict Judgment of Acquittal, 3/8/07; Trial Court Order, 3/14/07; Motion to Reconsider Sentence, 3/8/07; Trial Court Order (2), 3/14/07; Motion for New Trial, 3/8/07; Trial Court Order (3); 3/14/07.

[12]St. Rec. Vol. 4 of 4, Appeal Brief, 2007-KA-1027, 6/29/07.

[13]*State v. Moore*, 2007 WL 3227610, at *2-4; St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 2007-KA-1027, pp. 4-9, 11/2/07.

[14]Under La. S. Ct. R. X§5, petitioner had 30 days from issuance of the appellate court's opinion to mail or file a writ application in the Louisiana Supreme Court, which he did not do. The thirtieth day was Sunday, December 2, 2007, leaving the deadline to fall on Monday, December 3, 2007. *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period when it would otherwise be the last day of the period).

Almost two years later, on November 2, 2009, Moore submitted an application for post-conviction relief to the Trial Court raising the following grounds for relief:[15] (1) he was denied effective assistance of counsel on direct appeal for failure to argue that he was entitled to a downward departure because of his drug abuse; (2) he was denied effective assistance of counsel at trial for failing to object to the officers remaining in the courtroom during testimony; (3) he was denied effective assistance of counsel at the January 16, 2008, guilty plea hearing on other charges under a different case number; and (4) he was exposed to double jeopardy in the charges secured in the other case.

The Trial Court denied relief on December 18, 2009, finding no merit to Moore's ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984), which were related to the underlying conviction, which was reviewed thoroughly on direct appeal. The Court did not address the third and fourth claims aimed at a different case and conviction.

The Louisiana Fifth Circuit denied Moore's related writ application on June 7, 2010.[16] The Court also refused to consider his request for rehearing finding it to be disallowed under court rules.[17] The Louisiana Supreme Court also denied without stated reasons Moore's subsequent writ application on November 14, 2011.[18]

### III.   <u>Federal Petition</u>

---

[15]St. Rec. Vol. 2 of 4, Uniform Application for Post-Conviction Relief, 11/9/09 (dated 11/2/09).

[16]St. Rec. Vol. 2 of 4, 1st Cir. Order, 2010-KW-0408, 6/7/10; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application, 2010-KW-0408, 3/1/10 (dated 2/16/10).

[17]St. Rec. Vol. 2 of 4, 1st Cir. Order, 2010-KW-0408, 8/23/10; St. Rec. Vol. 3 of 4, 1st Cir. Application for Rehearing, undated copy.

[18]*State ex rel. Moore v. State*, 75 So.3d 443, 443 (La. 2011); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2010-KH-1656, 11/14/11; La. S. Ct. Writ Application, 10-KH-1656, 7/15/10; St. Rec. Vol. 2 of 4, La. S. Ct. Letter, 2010-KH-1656, 7/15/10 (showing postmark of 7/6/10).

On June 28, 2012, the clerk of this Court filed Moore's petition for federal habeas corpus relief in which he raised two grounds for relief:[19] (1) he was denied effective assistance of counsel before and during trial; (2) he was denied effective assistance of counsel on appeal; and (3) he was denied effective assistance of counsel at the habitual offender adjudication when counsel stipulated to several prior convictions without the proof required by law.

The State filed an answer and memorandum in opposition to Moore's petition, arguing that the federal petition was not timely filed and should be dismissed as time barred.[20] The State also argues that Moore's first and third claims in his federal petition have not been presented to any state court and are not exhausted.

Thereafter, on August 17, 2012, Moore moved this Court to grant him time to file a memorandum in support of the merits of the claims included in his federal petition.[21] The Court granted Moore leave to do so on or before September 4, 2012.[22] As of this writing, Moore has failed to file a memorandum. Nevertheless, because the Court finds that the State's limitations defense has merit, there is no need to further await Moore's memorandum.

## IV. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[23] applies to this petition, which is deemed filed in this court under the federal

---

[19]Rec. Doc. No. 1.

[20]Rec. Doc. Nos. 11, 12.

[21]Rec. Doc. No. 13.

[22]Rec. Doc. No. 14.

[23]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an

mailbox rule on March 23, 2012.[24]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Moore did not timely file his federal petition and not all of his claims are exhausted.  For the reasons below, the Court agrees and finds that Moore's federal petition was not timely filed under the AEDPA.  In addition, because the petition is not timely filed the Court need not address the exhaustion defense, although the defense also has merit.

## V.      **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[25]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  Moore's conviction

---

effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Turner's federal habeas petition on April 25, 2012, when the filing fee was received. Turner signed the memorandum in support attached to his petition on April 18, 2012. This is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing. The fact that he paid the filing fee also would not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 376).

[25]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

was final on December 3, 2007, which was 30 days after the Louisiana First Circuit affirmed his conviction and sentence. Under the plain language of § 2244, Moore had one year, or until December 2, 2008,[26] to file a timely federal application for habeas corpus relief, and he failed to do so. Thus, literal application of the statute would bar Moore's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

---

  C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

[26]2008 was a leap year.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, Moore's conviction was final on December 3, 2007. The AEDPA filing period began to run the next day, on December 4, 2007, and did so uninterrupted for 365 days, until December 2, 2008, when it expired. Moore had no properly filed state post-conviction or other collateral review pending at that time.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert.*

*denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848. Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three

times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In this case, Moore has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling. This doctrine does not apply here.

Moore's federal petition is deemed filed in this Court on March 23, 2012, which is well over three years after the AEDPA filing period expired on December 2, 2008. Therefore, Moore's federal petition was untimely filed and must be dismissed for that reason.

## VI.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Jeffery Daniel Moore's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this 19th day of October, 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.